IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Betty Gallman and Ricardo Dewalt, | ) ) ) | C/A No.: 8:23-841-TLW-SVH |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ORDER AND NOTICE |
| Newberry Sheriff's Department, Newberry County Court, Newberry Post Office, Newberry County Jail, and Louis Rich, | ) ) ) ) ) | |
| Defendants. | ) ) | |

It appears Betty Gallman ("Ms. Gallman") is attempting to bring suit either on behalf of herself and Ricardo Dewalt ("Mr. Dewalt") (collectively "Plaintiffs") or on behalf of Mr. Dewalt alone,[1] against Newberry Sheriff's Department, Newberry County Court, Newberry Post Office, Newberry County Jail, and Louis Rich (collectively "Defendants").[2] Pursuant to 28 U.S.C. §

---

[1] The evidence suggests Ms. Gallman is the complainant, but it is unclear whether she is proceeding as a plaintiff or is only attempting to file the case on Mr. Dewalt's behalf. The complaint identifies Ms. Gallman and Mr. Dewalt as plaintiffs. [ECF No. 1 at 1 (listing "Betty Gallman" and "Ricardo Dewalt" in the caption) and 2 (listing "Betty Gallman/Ricardo Dewalt" as "The Plaintiff(s)")]. The spot on the complaint form for "Signature of Plaintiff" reads "Betty Gallman/Ricardo Dewalt" in what appears to be the same handwriting. *Id.* at 12. Ms. Gallman's name is included with the return address on the mailing envelope. [ECF No. 1-1 at 1]. The application to proceed in district court without prepaying fees or costs includes the same signature as the complaint form. [ECF No. 2 at 2].

[2] The caption references "Newberry Sheriff Dept, Newberry County Court, and

636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Ms. Gallman filed a complaint for violation of civil rights form. [ECF No. 1]. She referenced case number 2022-A-3610100475. *Id.* She indicated she was bringing claims pursuant to both *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. In response to the question as to the federal constitutional or statutory rights she claimed were violated under § 1983, Ms. Gallman wrote "Newberry Country Solicitor, Newberry Post Office, Newberry Jail, Public Denfer" [sic]. *Id.* at 4. In response to the question as to which constitutional rights she claimed were violated by federal officials, Ms. Gallman wrote "white trailer park, Newberry court school staff." *Id.* In response to the question as to whether she was a prisoner or confined person, Ms. Gallman checked boxes for "[p]retrial detainee," "[c]ivilly committed detainee," and "[c]onvicted and sentenced state prisoner.[3] *Id.* at 4–5.

---

Newberry Post Office" as defendants. [ECF No. 1 at 1]. However, "Newberry County Jail" and "Louis Rich" are identified as defendants within the complaint. *Id.* at 2.

[3] The Newberry County Detention Center's website reflects that Mr. Dewalt was arrested on July 22, 2022, on multiple charges and remains incarcerated at the facility. Newberry County, Inmate Search,

## II.    Discussion

### A.    Standard of Review

Plaintiffs have requested to proceed with the complaint pursuant to 28 U.S.C. § 1915,[4] which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

---

https://www.newberrycounty.net/departments/sheriffs-office/newberry-county-detention-center/inmate-search (last visited March 6, 2023). Ms. Gallman's name does not appear in the inmate search. *See id.* A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (finding that court may "properly take judicial notice of matters of public record").

[4] Plaintiffs filed an application to proceed in district court without prepaying fees or costs. [ECF No. 2]. The undersigned declines to rule on the motion at this time for the reasons provided in the proper form order.

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Ms. Gallman Cannot Bring Suit on Behalf of Mr. Dewalt

Because Ms. Gallman filed and signed the complaint and Mr. Dewalt's signature does not appear on the complaint, it appears Ms. Gallman is attempting to proceed on Mr. Dewalt's behalf in the civil action. While individuals may represent themselves pro se in federal court, a person may not ordinarily appear pro se in the cause of another person or entity. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1997) (noting while a non-attorney may represent himself, he has no authority to appear as attorney for others).

"Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). If Mr. Dewalt intends to bring a claim against Defendants as a pro se party, he must sign the complaint. To the extent Ms. Gallman is attempting to bring a claim on behalf of Mr. Dewalt, it is subject to summary dismissal, as she is not permitted to represent Mr. Dewalt in this court.

### 2.    Failure to Meet Standards for Filing a Complaint

Plaintiffs have failed to meet the minimal standards for filing a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain:

(1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiffs included in the complaint a series of words that do not amount to "a short and plain statement of the claim." *See* ECF No. 1 at 4–5. Because the complaint references no actions or injuries that gave rise to a claim, Plaintiffs have failed to meet the second pleading requirement. Plaintiffs also failed to meet the third pleading requirement, as they did not identify any relief the court may provide to redress their grievances. *See id.* at 6.

In light of the foregoing, Plaintiffs' claims are subject to summary dismissal for failure to meet the minimal pleading requirements under Fed. R. Civ. P. 8(a).

### 3.    Failure to Meet Pleading Requirements Under § 1983 and *Bivens*

Although Plaintiffs invoke the court's jurisdiction pursuant to § 1983 and *Bivens*, they do not identify any federal constitutional or statutory rights that

Defendants allegedly violated or any injuries they allegedly sustained. [ECF No. 1 at 4–6].

To state a plausible claim for relief under 42 U.S.C. § 1983,[5] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Because a *Bivens* claim is analogous to a claim brought against state official under 42 U.S.C. § 1983, the same caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 n.30 (1982). To state a claim on which relief may be granted, Plaintiff "must have plausibly alleged in his complaint that his constitutional rights were violated." *Tobey v. Jones*, 706 F.3d 379 (4th Cir. 2013). Plaintiffs merely list Defendants, "white trailer park," "Newberry court," and school staff," but provide no indication as to the actions

---

[5] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

7

of Defendants that gave rise to the claim or how "white trailer park," "Newberry court," or school staff" relate to the claim. *See* ECF No. 1 at 4.

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 or *Bivens* action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds are not "persons." *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Newberry Sheriff's Department, Newberry County Court, Newberry Post Office, and Newberry County Jail are not "persons" amenable to suit under § 1983 and *Bivens*.

As for "Louis Rich," it appears Plaintiffs may be attempting to identify the address of the Newberry County Detention Center, which is located at 3239 Louis Rich Drive, Newberry, South Carolina,[6] as opposed to a person.

Plaintiffs' claims are subject to summary dismissal due to their failure to identify "persons" subject to suit under § 1983 and *Bivens*.

---

[6] *See* Newberry County, Newberry County Detention Center, https://www.newberrycounty.net/departments/sheriff-s-office/newberry-county-detention-center (last visited March 6, 2023).

## NOTICE CONCERNING AMENDMENT

Plaintiffs may attempt to correct the defects in the complaint by filing an amended complaint by **March 27, 2023**, along with any appropriate service documents. Plaintiffs are reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiffs file an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

March 6, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

9