IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Betty Gallman and Ricardo Dewalt<br><br>PLAINTIFFS,<br><br>v.<br><br>Newberry Sheriff's Department, Newberry County Court, Newberry Post Office, Newberry County Jail, and Louis Rich,<br><br>DEFENDANTS. | Civil Action No. 8:23-cv-00841-TLW<br><br><br>**ORDER** |

This is a *pro se* action brought by Plaintiff Betty Gallman, pursuant to 42 U.S.C. § 1983 against the above-named defendants. ECF No. 1.[1] This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Shiva V. Hodges. ECF No. 11. No objections have been filed to the Report, and the deadline for filing them has now expired. This matter is therefore ripe for the Court's review.

The Report recommends that the Court dismiss Plaintiff's complaint without prejudice in accordance with Fed. R. Civ. P. 41, which provides dismissal for failure to prosecute, comply with the Federal Rules of Civil Procedure, or a court order. *Id.* at 4. The magistrate judge's recommendation is based Plaintiff's failure to file an amended complaint in accordance with two of her prior orders. *Id.*; *see also* ECF Nos. 7 & 8.

---

[1] As noted in the Report, "it is unclear if [Ms. Gallman] is proceeding as a plaintiff or is only attempting to file the case on Mr. Dewalt's behalf." ECF No. 11 at 1.

Plaintiff brings this action pursuant to § 1983 and has done so on a standard "Complaint for Violation of Civil Rights." ECF No. 1. In the form's section asking the complainant to detail "what constitutional right(s) do you claim is/are being violated by federal officials," Plaintiff asserts only "white trailer park, Newberry court school staff." *Id.* at 4. After receiving and reviewing Plaintiff's complaint, the magistrate judge issued an order advising Plaintiff that her complaint, as filed, had "failed to file a proper complaint." ECF No. 7 at 2. That same day the magistrate judge issued a second order which specifically outlined the deficiencies in Plaintiff's complaint as pled. ECF No. 8. Plaintiff did not file an amended complaint correcting these deficiencies.

The Report concludes that Plaintiff's complaint is subject to dismissal for failure to comply with the magistrate judge's two prior orders. These orders noted that Plaintiff's complaint is not clear as to *who* the plaintiff is in this action, the constitutional rights allegedly violated by the named defendants, and whether Plaintiff (or Plaintiffs) are entitled to in forma pauperis status. ECF No. 11 at 1–6.

As noted above, Plaintiff has not filed objections. The Court is charged with a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to

> make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed Plaintiff's complaint, the Report, and other relevant filings. The magistrate judge recommends dismissal without prejudice under Rule 41 of the Federal Rules of Civil Procedure for "fail[ure] to file an amended complaint or remedy the other deficiencies identified in the proper form order." ECF No. 11 at 4. For the reasons stated by the magistrate judge, the Report, ECF No. 11, is **ACCEPTED**.

**IT IS SO ORDERED.**

                                                                       *s/Terry L. Wooten*
                                                 Senior United States District Judge

May 22, 2023
Columbia, South Carolina